[No. 24185. *En Banc.* June 14, 1933.]

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, *Respondent,* v. H. E. NELSON *et al., Defendants,* W. P. FULLER & COMPANY, *Appellant.*[1]

*Wayne W. Keyes,* for appellant.
*Wright & Catlett,* for respondent.

MITCHELL, J.—H. E. Nelson entered into a contract with the city of Tacoma, on August 12, 1931, to per-

[1]Reported in 22 P. (2d) 984.

form the work and furnish all labor, tools, materials, equipment and supplies in cleaning and painting a stand pipe belonging to the city, the contract price being $2,211. At the same time, he executed and delivered to the city his bond, as contractor, for the performance of the work and as security for the payment of laborers, mechanics, materialmen, etc., as required by Rem. Rev. Stat., § 1159, with the Indemnity Insurance Company of North America as surety. Two days later, the contractor executed and delivered to W. P. Fuller & Co. (who will be hereinafter spoken of as Fuller & Co.) a written assignment of any and all moneys due or to become due to him under the contract. The assignment was filed with the controller of the city, but it was not accepted by the city or any of its officers.

On the faith of the assignment, Fuller & Co. furnished the contractor $2,045 in money, which it appears was used by the contractor in the performance of the work. Fuller & Co. filed a claim for this item, and also filed a claim in the sum of $376.85 for material furnished to be used, and which was used, in the performance of the contract. Eight other claims for labor and material furnished were filed in the sum of $939.18.

The contract was fully performed, and the work accepted by the city. The time for filing claims expired. The city had paid no part of the contract price. The surety company, to lessen or protect its liability on its bond, then brought this action against the contractor, the city and all the claimants, to recover a judgment requiring the payment of claims for labor and material out of the funds owing by the city, in preference to any right of Fuller & Co. under the contractor's written assignment upon which Fuller & Co.'s claim of $2,045 was made. Issues were made up between

the parties. At the trial, the city, by directions of the court, paid the whole contract price into court, to be distributed according to directions in the judgment to be entered.

A judgment was entered allowing a small premium to the industrial insurance department, and allowing all claims for labor and material, including Fuller & Co.'s claim in the sum of $376.85, to which no one objects, except Fuller & Co., who contends that its claim for $2,045 should be preferred over all claims for labor and material. To the extent of that adverse decision, Fuller & Co. has appealed.

The contract provides that the contractor shall not, either legally or equitably, assign any of the moneys payable under the contract, or his claims thereto, unless with the consent of the city. This is a plain, important provision of the contract, which was known to Fuller & Co. when it took the assignment. To permit Fuller & Co. to recover its so-called superior or preferred claim of $2,045, nearly equal to the total amount of the contract price, would render nugatory the specific prohibition in the contract against the assignment of moneys due under it; thus necessarily, though indirectly, resulting to the detriment of a contract upon which there is a surety, as required by statute, for the performance of a contract which specifically provides against assignment of moneys due under the contract.

Still further, we are persuaded to reach the same conclusion because of the last clause or sentence in Rem. Rev. Stat., § 1159, providing for a bond with surety to perform the public works contract and to "pay all laborers, mechanics and sub-contractors and materialmen," etc., which last clause or sentence is as follows:

"Provided, however, that the provisions of this act shall not apply to any money loaned or advanced to any such contractor, subcontractor or other person in the performance of any such work."

The purpose and intent of that statute would be destroyed if, in a case like this, one against whom the provision runs were allowed to take practically all of the funds derived from the performance of the contract.

Appellant cites and relies on *Hall & Olswang v. Aetna Casualty & Surety Co.*, 161 Wash. 38, 296 Pac. 162. That was a case in which an assignee who had furnished money to a contractor to carry on the work was allowed to recover. However, as we look into that case from this one, it is easy to discover material differences that render the doctrine of that case inapplicable to this one. In that case, it does not appear that the contract provided against assignments by the contractor of moneys falling due; here, the contract does so provide. In that case, the public body, the school district, accepted the written assignment made by the contractor of moneys falling due, and made payments thereon; here, the assignment was not accepted by the city of Tacoma. Other questions discussed in that case are not involved in this case as finally presented in the superior court and argued on the appeal.

That portion of the opinion in *Fidelity & Deposit Co. v. Auburn*, 150 Wash. 114, 272 Pac. 34, relied on by appellant here, relating to the right of subrogation claimed therein by the surety company, is not applicable here, because no such claim is made in this case.

The assignment in the case of *National Surety Co. v. American Savings Bank & Trust Co.*, 101 Wash. 213, 172 Pac. 264, was a qualified assignment, and the decision in that case is not helpful or applicable here.

The case of *Northwestern National Bank v. Guard-*

*ian Casualty & Guaranty Co.,* 93 Wash. 635, 161 Pac. 473, Ann. Cas. 1918D, 644, cited by the appellant, is not in point. The contract in that case contained no provision against assignment, an assignment was accepted by the city, and the case arose prior to the 1915 session of the legislature, which enacted the proviso already referred to that moneys loaned to a contractor in the performance of a public contract are not within the terms of that act.

Authorities from other jurisdictions cited by appellant are not applicable to this case, in our opinion.

The claimants who furnished labor and material which was used in the public work were entitled to preference over the appellant out of the funds deposited in court by the city. That was the judgment of the superior court.

Judgment affirmed.

BEALS, C. J., MAIN, TOLMAN, HOLCOMB, MILLARD, STEINERT, and BLAKE, JJ., concur.